UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | Case No. 17-cv-07316-MEJ |
| Plaintiff, | **ORDER RE: MOTION TO REMAND** |
| v. | Re: Dkt. No. 11 |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Federal Insurance Company's motion to remand this action to Marin County Superior Court pursuant to 28 U.S.C. § 1447(c). Mot., Dkt. No. 11. The matter was fully briefed. Opp'n, Dkt. No. 15; Reply, Dkt. No. 18. Having reviewed the parties' submissions, the Court finds this matter suitable for decision without oral argument and VACATES the March 15, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the arguments of the parties and the relevant legal authority, the Court GRANTS the Motion to Remand this action to Marin Superior Court.

## BACKGROUND

Federal Insurance Company provided one of its insureds, Lisa Pronzini, with workers' compensation benefits for disability and medical treatment after she fell at a Costco store. *See* Compl., Dkt. No. 1 at ECF pp. 6-11. Plaintiff filed a personal injury action in Marin Superior Court, alleging that Costco's failure to maintain clean floors caused Ms. Pronizi to slip and fall, and that Plaintiff suffered damages in the form of monetary loss when it provided Pronzini with benefits and expenses. *Id.* at ECF pp. 9-11.

Ms. Pronzini separately filed her own personal injury case: *Pronzini v. Costco Wholesale Corp.*, 17-cv-7148 MEJ, which Defendant Costco Wholesale Corp. removed to this Court on

United States District Court
Northern District of California

1    December 15, 2017. *See* -7148 Dkt. No. 1. Ms. Pronzini's counsel sent Costco a demand letter
2    and medical report; the injuries alleged therein caused Costco to conclude the amount in
3    controversy exceeds $75,000. *See* Not. of Removal ¶ 10, Dkt. No. 1 at ECF pp. 1-3. Based on
4    that information, Costco determined diversity jurisdiction existed and removed the action. Federal
5    Insurance Company now moves to remand the action.

**DISCUSSION**

Federal Insurance Company argues the case was not removable because it arose under state workers' compensation laws. Mot. at 5-7. In addition, Federal Insurance Company argues Costco has not met its burden of proving diversity because Costco does not sufficiently allege its citizenship. *Id.* at 7-8.

**A.    28 U.S.C. § 1445(c)**

Federal Insurance Company contends its subrogation claims arise under California Labor Code § 3852, a California workers' compensation statute, and as such, are not removable. *See* Mot. at 5-7; 28 U.S.C. § 1445(c)( "A civil action in any State court, arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").[1]

In the Ninth Circuit, motions to remand based on Section 1445(c) must comply with 28 U.S.C. § 1447(c) and be brought within 30 days of removal. *See Vasquez v. North Cty. Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) ("Even if § 1445(c) otherwise applies here, its bar against removal of workers' compensation claims is nonjurisdictional and may be waived." (citing cases and holding that plaintiff waived right to remand to state court by failing to timely object to federal jurisdiction)). Federal Insurance Company's reliance on nonbinding First Circuit law to the contrary (Reply at 5) is unavailing. Costco filed its Notice of Removal on December 27, 2017 (Dkt. No. 1); Federal Insurance Company first filed an administrative motion to remand 33 days later, on January 29, 2018 (Dkt. No. 10). The motion to remand on this ground is untimely, and

---

[1] California Labor Code § 3852 confers a right of subrogation on certain entities, including insurance carriers, who pay out workers' compensation benefits: "The statute allows those who become obligated by law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of those benefits." *Zurich Am. Ins. Co. v. General Motor Co.*, 242 F. Supp. 2d 736, 739 n.2 (E.D. Cal. 2003).

2

Plaintiff waived its right to seek remand based on Section 1445(c). The Court DENIES the Motion to Remand on this ground.

**B.     28 U.S.C. § 1332**

For purposes of diversity jurisdiction, a corporation such as Costco "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). According to its Notice of Removal, "Defendant is a corporation incorporated in Washington State and headquartered in Washington State. It is therefore treated as a citizen of Washington State." Not. of Removal ¶ 3 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)). Defendant does not articulate that a location within Washington State is its principal place of business. *See* Not. of Removal. A corporation's principal place of business is determined by the state in which its "nerve center" is located: "[I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz*, 559 U.S. at 93; *see also id.* ("A corporation's 'nerve center,' usually its main headquarters, is a single place.").

Based on Costco's failure to articulate that its principal place of business is also in Washington State and/or that its headquarters are its principal place of business, Federal Insurance Company contends Costco has not met its burden of establishing total diversity of citizenship between the parties. Mot. at 7-8. As the party seeking to remove the action, Costco bears the burden of establishing that subject matter jurisdiction exists. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1998); *see also Hertz*, 559 U.S. at 96-97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."). But Defendant does not address Plaintiff's argument, much less offer evidence to support its allegations by competent proof. *See* Opp'n. Alleging in the notice of removal "in one conclusory sentence that [a company's] principal place of business was in the state of Washington" does not demonstrate diversity jurisdiction exists. *Northern Cal. Power Agcy. v. AltaRock Energy, Inc.*,

2011 WL 2415748, at *3 (N.D. Cal. June 15, 2011); *cf. Chang v. Biosuccess Biotech, Co.*, 2014 WL 1494340, at *2 (N.D. Cal. Apr. 16, 2014) (defendant met its burden of establishing location of nerve center with declarations from corporate officers stating that company "conducts business, managing, directing, controlling, and coordinating all affairs and activities . . . from Taipei, Taiwan"); *Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 WL 3902838, at *4 (N.D. Cal. July 19, 2016) (defendant sufficiently established headquarters were nerve center by declaring in connection with opposition to remand that "headquarters, including the offices of its executive officers and many of its key departments, is located in Atlanta"); *Galarpe v. United Airlines, Inc.*, 2018 WL 348161, at *2 (N.D. Cal. Jan. 10, 2018) (defendant met its burden to demonstrate federal diversity jurisdiction existed where it alleged in notice of removal that its "principal place of business is in the State of Illinois, which is where [defendant's] corporate headquarters and executive offices are located and where [defendant's] high-level officers direct, control, and coordinate its activities").

This Court must strictly construe the removal statute against removal, and if there is any doubt as to the existence of federal jurisdiction, the Court should remand the matter to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because Costco here has done no more than "conclusor[ily] allege" that its headquarters are in Washington State, has failed to allege facts sufficient to show the location of its headquarters is also its nerve center, and has failed to offer any evidence in support of that proposition, the Court finds Costco has not met its burden of establishing diversity jurisdiction applies. The Court accordingly GRANTS the Motion to Remand on this ground.[2]

**C.      Impact of this Order on *Pronzini* Action**

Federal Insurance Company asks the Court to remand this action as well as the related action filed by Ms. Pronzini, "in the interest of judicial economy and to avoid any inequitable results[.]" Mot. at 9. Ms. Pronzini has not moved to remand her case. Plaintiff does not

---

[2] A motion to remand based on lack of subject matter jurisdiction may be brought more than 30 days after removal. 28 U.S.C. § 1447(c). Plaintiff's Motion to Remand on this ground is accordingly not untimely.

4

demonstrate it has standing to request Ms. Pronzini's case be remanded, and identifies no legal basis by which this Court could remand another action on Plaintiff's request simply by virtue of the fact it found the two actions related. Federal Insurance Company's request to remand Ms. Pronzini's case is DENIED (without any prejudice to Ms. Pronzini moving for remand in her own case).

## CONCLUSION

Federal Insurance Company's Motion to Remand based on Costco's failure to meet its burden of showing total diversity existed is GRANTED. The action shall be remanded to Marin County Superior Court.

**IT IS SO ORDERED.**

Dated: March 5, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge